CLERK OF DISTRICT COURT
NORTHERN DIST. OF TX
FORT WORTH DIVISION
FILED

2022 NOV 16 AM 9: 41

DEPUTY CLERK __SHW__

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| ERIC L. ELLIS,<br><br>Plaintiff,<br><br>vs.<br><br>CARGILL MEAT SOLUTIONS,<br><br>Defendants | Case No.:<br><br>4-22CV-1020-Y |

## PLAINTIFF'S ORIGINAL COMPLAINT

### A. NATURE OF ACTION

This is an action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race and sexual orientation and to provide appropriate relief to Eric Ellis whom was subjected to a racially and sexually hostile work environment, sex-based discrimination and constructive discharge. Plaintiff, Eric Ellis also alleges that he was subjected to disparate treatment falsely accusing Eric Ellis of wrongdoing, issuing conflicting work orders in repeated attempts to anger and encourage insubordination, closely and unnecessarily scrutinizing work, and issuing groundless reprimands. This complaint further alleges that the harassment was carried out with the intent of segregating Homosexual and Heterosexual employees, employees who made complaints of discrimination, opposed discriminatory treatment of co-workers, and/or participated in reporting or serving as witnesses to grievances of discrimination. Eric Ellis was compelled to resign because of the intolerable work environment created by Cargill Meat Solutions.

### B. PARTIES

1. Plaintiff Eric L. Ellis is a male adult of sound mind and a resident of Fort Worth, Texas.

2. Defendant Cargill Meat Solutions at all relevant times, has continuously been and is now doing business in the State of Texas and has continuously had at least 200 employees.

3. At all relevant times, Defendant, Cargill Meat Solutions, has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §2000e-(b), (g) and (h).

## C. JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Sec. 1981a.

5. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Texas, Fort Worth Division.

## D. STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Eric Ellis filed charges with the Equal Employment Opportunity Commission alleging violations of Title VII of the Civil Rights Act of 1964, by the Defendant, Cargill Meat Solutions. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. During the employment of Eric Ellis, the Defendant has engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e2(a)(1) by subjecting Eric Ellis to a racially hostile environment and sexually hostile work environment, discriminating against him on account of his sexual orientation and race in at least one incident, retaliating against him for complaining of the working conditions and constructively discharging him. Specifically, Cargill Meat Solutions subjected Ellis to a sexually and racially hostile work atmosphere in that he was constantly and repeatedly subjected to sexually and racially explicit remarks, demeaning hateful homosexual remarks, racially motivated drug screens, frequent heterosexual sex scenes (from movies and tv shows) that appeared in multiple breakrooms at Cargill and violent vandalism, resulting in his constructive discharge from the position.

8. The result of the foregoing practices has been to deprive Eric Ellis of equal employment opportunities because of his race and sexual orientation. Defendant Cargill Meat Solutions maintained a hostile work environment in its Fort Worth, Texas facility wherein homosexual employees were falsely accused of wrongdoing, issued conflicting work orders in repeated attempts to anger and encourage insubordination, subjected to unnecessary scrutiny of his work, and made the target of groundless reprimands with the intent of humiliating the homosexual employee because of his sexual orientation. Eric Ellis was also discriminated against by a

racially and/or sexually motivated drug screen. On March 15th at Cargill. Eric Ellis was drug tested for receiving a paper size cut on the tip of his finger while his coworker of another race and sex "Havannah Schultz" was not drug tested for her hand injury, which was far worse than Eric Ellis's hand injury. Havannah Schultz was injured after she inserted the metal spatula inside the blender inside the lab. This resulted in discrimination.

(Photo of Eric Ellis on March 15th after being drug tested for a paper size cut on his finger)

9. Defendant Cargill Meat Solutions also subjected homosexual employees to disparate treatment at its Fort Worth, Texas facility by intentionally targeting the homosexual employees for reprimands, extra job duties and false accusations of wrongdoing. Other similarly situated Heterosexual employees, who were actually guilty of misconduct or infractions, were not disciplined, much less targeted for termination, disciplinary actions, or discharged, due to their poor work quality. The disparate treatment in the terms and conditions of their employment forced Eric Ellis to resign;

10. Defendant Cargill Meat Solutions retaliated against Eric Ellis, whom brought allegations of discrimination, opposed discriminatory treatment of coworkers, and/or participated in reporting or serving as witnesses to grievances of discrimination by subjecting him to reprimands, extra job duties, increased scrutiny, false accusations of wrongdoing and denial of due process. Defendant Cargill Meat Solutions also breached its de facto obligation of good faith and fair dealing in managing its own employees and following its own policies. Defendant Cargill Meat

Solutions has without reasonable and proper cause conducted itself in a way that destroyed the relationship of trust and confidence. (See Exhibits)

11. Members of Defendant Cargill Meat Solutions's management, at its Fort Worth, Texas facility, allowed the discrimination complained of in paragraphs 7-10 to go unaddressed despite repeated complaints by Eric Ellis.

Due to the harassment and retaliation, Eric Ellis was forced to resign. Defendant Cargill Meat Solutions subjected Homosexual employees to disparate treatment at its Fort Worth, Texas facility by intentionally targeting the Homosexual employees for reprimands, extra job duties and false accusations of wrongdoing. Other similarly situated Heterosexual employees, who were actually guilty of misconduct or infractions, were not disciplined, much less targeted for termination, or discharged, due to their poor work quality. The disparate treatment in the terms and conditions of their employment forced several Homosexual employees to resign;

12. The unlawful employment practices complained of in paragraph 7 -10 above were intentional.

13. The unlawful employment practices complained of in paragraph 7 -10 above were done with malice or with reckless indifference to the federally protected rights of Eric Ellis.

### E. **PRAYER FOR RELIEF**

Wherefore, the Plaintiff respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant, Cargill Meat So, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of sex, or which facilitates, condones or encourages sexual harassment.

B. Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities and a non-hostile work environment for all employees, including males, and which eradicate the effects of its past and present unlawful employment practices.

C. Order the Defendant to make whole Eric Ellis a by providing appropriate back pay with prejudgment interest in amounts to be determined at trial, pecuniary losses, compensatory damages including out-of-pocket expenses, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order the Defendant to make Eric Ellis whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including but not limited to out-of-pocket job-hunting expenses.

E. Order the Defendant to make Eric Ellis whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including but not limited to, pain and suffering, humiliation, embarrassment, emotional distress, anxiety, and loss of enjoyment of life, in amounts to be determined at trial.

F. Order the Defendant to pay Eric Ellis punitive or exemplary damages for its intentional, malicious conduct or reckless indifference described and referenced in paragraph 7 above, in an amount to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

The Plaintiff requests a jury trial on all questions of fact raised by his Complaint.

Respectfully submitted,

*/s/Eric Ellis*

EricLamarEllis@gmail.com

8539 Melissa Dr

White Settlement, Tx 76108

318-507-5030

11.10.2022