Certified as a true copy and issued as the mandate on Jul 29, 2026

Attest: Lyle W. Cayce
Clerk, U.S. Court of Appeals, Fifth Circuit

# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
July 29, 2026
Lyle W. Cayce
Clerk

No. 26-10212

In re Eric Ellis,

*Petitioner*.

Petition for Writ of Mandamus to the
United States District Court
for the Northern District of Texas
USDC Nos. 4:22-CV-1020, 4:22-CV-864

## UNPUBLISHED ORDER

Before Southwick, Higginson, and Willett, *Circuit Judges*.

Per Curiam:

Eric Ellis, proceeding pro se, petitions for a writ of mandamus and seeks leave to proceed in forma pauperis (IFP). The IFP motion is GRANTED.

Ellis asks us to compel the district court to accept and adjudicate a Rule 60(b) motion challenging an order entered in two related lawsuits. His petition rests on a supposed conflict between filing restrictions imposed in separate cases. No such conflict exists.

The district court consolidated *Ellis v. Cargill Meat Sols.*, No. 4:22-CV-00864 (N.D. Tex.) with *Ellis v. Cargill Meat Sols.*, No. 4:22-CV-01020 (N.D. Tex.). It later dismissed the consolidated action with prejudice, and

we affirmed. *See Ellis v. Cargill Meat Sols.*, No. 24-10339, 2024 WL 4692024 (5th Cir. Nov. 6, 2024) (unpublished).

Ellis has filed numerous actions in the Northern District of Texas and "has been labeled a vexatious litigant." Two filing restrictions matter here. In *Cargill*, the district court prohibited further filings unless Ellis "first secur[ed] the permission of the Court to do so," and warned that "[a]ny instrument he files seeking any relief whatsoever will be stricken absent the expressed written consent of the Court to so file." In a different case, *Ellis v. City of White Settlement*, No. 4:22-CV-01095 (N.D. Tex. Dec. 4, 2025), the district court required him to pay "$250 before he may file any further motion in this matter."

Ellis nevertheless filed a Rule 60(b)(4) motion in *Cargill* without first seeking leave. The district court struck it. Ellis now contends that he could not seek leave in *Cargill* without first paying the $250 required in *City of White*. He asks us to direct the district court to accept and decide his Rule 60(b)(4) motion and to clarify that filing restrictions imposed in one case may not bar an indigent litigant from presenting a jurisdictional challenge in another.

"Mandamus is an extraordinary remedy that should be granted only in the clearest and most compelling cases." *In re Willy*, 831 F.2d 545, 549 (5th Cir. 1987). A petitioner must show both that he has no other adequate means to obtain relief and that his right to the writ is clear and indisputable. *Id.*

Ellis's cannot make the first showing. The $250 condition in *City of White* applies only to "further motion[s] *in [that] matter*." (Emphasis added.) It did not prevent Ellis from seeking leave to file his Rule 60(b)(4) motion in *Cargill*. Because that ordinary avenue remains available, mandamus relief is unavailable. *See Willy*, 831 F.2d at 549.

Ellis also reprises his challenge to the consolidation order itself. We rejected that challenge in his prior appeal, holding that the district court did not abuse its discretion by consolidating the cases. *See Ellis*, 2024 WL 4692024, at *3. Mandamus does not provide a second opportunity to relitigate an issue we have already decided.

* * *

The petition for a writ of mandamus is DENIED.